**02D03-2311-CT-000733**

Allen Superior Court 3

Filed: 11/1/2023 6:47 PM
Clerk
Allen County, Indiana
JS

| | | |
|---|---|---|
| STATE OF INDIANA | )<br>)  SS:<br>) | IN THE ALLEN SUPERIOR COURT |
| COUNTY OF ALLEN | | CAUSE NO._____ |

MICHELLE D. COMBS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
UNIVERSAL PROTECTION SERVICE, LLC　)
d/b/a ALLIED UNIVERSAL,　　　　　　　)
　　　　　　　Defendant.　　　　　　　)

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Michelle D. Combs, a former employee of the Defendant's.

2. The Defendant is Universal Protection Services, LLC d/b/a Allied Universal, a company doing business at 8777 Purdue Road, Indianapolis, IN 46268. The Defendant's home office is located at 161 Washington Street, Suite 600, Eight Tower Bridge, Conshohocken, PA 19428. The Defendant's registered agent is Corporation Service Company, located at 135 N. Pennsylvania Street, Suite 1610, Indianapolis, IN 46204. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Indiana Workers Compensation Act and laws and public policies of the state of Indiana prohibiting certain retaliatory terminations.

3. The Plaintiff was employed by the Defendant from October 2021, until the date of her wrongful separation from employment on or about December 17, 2021. She held the position of security at the time of the separation of employment. The Plaintiff performed within the reasonable expectations of the Defendant at all material times of

–1–

**Exhibit A**

this Complaint.

4. On November 13, 2021, the Plaintiff suffered a work-related injury, involving a tear to her rotator cuff.  Upon realizing that she suffered an injury, the Plaintiff reported the work injury to her first shift Supervisor, on November 14, 2021.

5. On November 15, 2021, the Plaintiff was contacted by the Defendant's counsel operator, who informed the Plaintiff that their Fire Chief had entered the counsel area at work speaking to an operator about the Plaintiff having injured herself, and that comments had been made to the effect that the Plaintiff "best not file for workers comp, as it would not work well for her and her job".

6. On November 16, 2021, the Fire Chief approached the Plaintiff in person while she was in the break area of her work site and informed her that if she chose to pursue workers compensation for her injury, she would not be working much longer.

7. On November 18, 2021, the Plaintiff continued to suffer the effects of her injury.  Her left arm and shoulder continued to be swollen and painful, and she was unable by then to lift the left arm very high.

8. On November 19, 2021, the Chief of Security at the Plaintiff's worksite (a GM location), and in a conversation with the Plaintiff, told her she needed to go to the doctor, and handed her a piece of paper with a date and time for an appointment.  As he handed the paper to the Plaintiff, he told her he had never had a workmen's comp claim before and "would be damned if the Plaintiff was going to be the first," and told the Plaintiff she should therefor "think twice" before attending the scheduled doctor's appointment for her work injury.  As the Plaintiff walked out of the Chief of Security's

–2–

**Exhibit A**

office the Fire Chief stopped her and told her that she would be the next one they walked out, for good.

9. On November 21, 2021, the weekend Supervisor spoke with the Plaintiff, and during that conversation told her that if he was her, he would not keep pursuing the workers compensation claim because he needs his job.

10. The Plaintiff attended her scheduled doctor's appointment for her work injury, on November 22, 2021.   Prior to the visit, the Plaintiff had been informed by the Chief of Security that she had to attend her medical appointments for the work injury, on her own time.

11. On November 30, 2021, the Defendant's Chief of Security contacted the Plaintiff after she had clocked into work and obtained her keys and radio.   He informed her she could not come into security for any reason.   The Plaintiff was then also contacted by her Supervisor, who said she would be written up if she came into security for any reason. The Plaintiff went to clock out and saw the Fire Chief.   The Fire Chief asked the Plaintiff if she was still pursuing her workers comp claim and the Plaintiff responded yes, because she was hurt on the job!   The Fire Chief then told the Plaintiff "I guess you really don't want your job".

12. Between December 2, 2021, and December 17, 2021, the Plaintiff found herself targeted for unjustified verbal abuse and criticism by her superiors at work.

13. On December 17, 2021, the Plaintiff went to the Chief of Security's office to ask whether she could work part time, due to the hostile and abusive work environment to which she was being subjected by the Fire Chief and the Chief of Security.   She

–3–

**Exhibit A**

complied with their request to write a statement about her allegation.   The Plaintiff was then terminated and escorted out of the building by another employee.

14. During the period of Plaintiff's employment, the Defendant's represenatives pressured the Plaintiff to falsify information in reports, and to attest to false information in the Defendant's reports.   She refused.

15. The Plaintiff contends that the Defendant retaliated against her and wrongfully terminated her in retaliation for asserting her rights to workers compensation benefits, and/or in retaliation for refusing to engage in the unlawful falsification of reports and/or for refusing to go along with inclusion of false information in reports, and that the retaliatory termination violated her rights under the laws and public policies of the state of Indiana pertaining to the Workers Compensation Act and/or other Indiana law prohibiting certain retaliatory terminations against Plaintiff's refusing to engage in unlawful activity at the behest of their employer.   The Defendant's unlawful retaliatory termination was the direct and proximate cause of the Plaintiff suffering the loss of her job- and job-related benefits, including income; and subjected the Plaintiff to inconvenience, emotional distress, and other damages and injuries.

16. The Defendant's unlawful and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff rights under the laws and public policies of the state of Indiana.   Imposition the punitive damages is therefore warranted.

WHEREFORE, Plaintiff by counsel respectfully requests judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all

–4–

**Exhibit A**

other just and proper relief in the premises.

**JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

*/s/ Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:      (260) 424-0712
E-mail:           cmyers@myers-law.com
Counsel for Plaintiff

**Exhibit A**
